**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MANUEL PINA-RODRIGUEZ**                                        **PETITIONER**

**VS.**                              **CASE NO. 5:14CV00444 DPM/PSH**

**WENDY KELLEY, Director of the
Arkansas Department of Correction**                     **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at any hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Manuel Pina-Rodriguez seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254.  Mr. Pina-Rodriguez is currently in the custody of the Arkansas Department of Correction (ADC).  On March 5, 2012, Mr. Pina-Rodriguez entered guilty pleas in Benton County Circuit Court to the charges of second-degree murder and attempted second-degree murder.  He was sentenced as an habitual offender, receiving a term of 40 years imprisonment, with an additional 10 years suspended imposition of sentence to follow.  Because he entered guilty pleas, a direct appeal was unavailable. Ark.R.App.P. 1(a).  He subsequently filed a timely Rule 37 petition, alleging he received ineffective assistance of counsel, his plea was not voluntary, he was incompetent at the time of his plea, and his right to a speedy trial was violated.  On July 23, 2012, the trial court denied Rule 37 relief.  A notice of appeal was filed by Mr. Pina-Rodriguez on August 1, 2012.  However, the record was not lodged in a timely fashion.  On October 29, 2012, Mr. Pina-Rodriguez filed a motion for permission to file the appeal without a certified record.  On February 14, 2013, the Supreme Court of Arkansas denied the October 29 motion.  The  motion was treated as a motion for rule on the clerk to file a motion for belated appeal without a certified record. *See Docket entry no. 14-7, page 9.*

Mr. Pina-Rodriguez' petition for federal habeas corpus, signed by him on November 21, 2014 and filed on December 15, 2014, advances the following claims for relief:

1.      He is actually innocent of the charges, and entered guilty pleas due to bad advice and coercion by his trial attorney;

2.      He was denied the effective assistance of counsel when his attorney failed to act in his best interest, as the facts do not support his convictions;

3.      He was denied the effective assistance of counsel when his attorney failed to assert his right to a speedy trial; and

4.      His petition should not be dismissed as time-barred or procedurally defaulted due to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2103).

Respondent contends that the statute of limitations and the doctrine of procedural default bar consideration of all of the claims. Mr. Pina-Rodriguez has addressed the respondent's assertions in a thorough response filed on February 9, 2015. *See Docket entry no. 16*. Prior to addressing the merits of any claims, we first consider if the petition for writ of habeas corpus is properly before the Court.

**Statute of Limitations:** Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that Mr. Pina-Rodriguez failed to file a timely petition, and offers alternative ways to compute the dates for limitation purposes.  First, the respondent urges Mr. Pina-Rodriguez failed by one year and two months to file a timely petition.  This calculation includes two brief periods of time during which the limitations period may have been stayed (twenty days after the entry of the guilty plea and before the filing of the Rule 37 petition, and ninety days after the notice of appeal was filed in the Rule 37 proceeding).  The second method of calculating the relevant time is straightforward – the final ruling in state court was rendered by the Supreme Court of Arkansas on February 14, 2013, and more than nineteen months passed from that date until Mr. Pina-Rodriguez signed his habeas corpus petition on November 21, 2014[1].  Using the second method of calculation, it is clear that the petition was filed after the limitations period expired.

Mr. Pina-Rodriguez, in his responsive pleading, contends he was thwarted by the trial court clerk from perfecting his appeal of the Rule 37 petition.  He also alleges there was no lack of diligence on his part in pursuing federal habeas corpus relief.  Liberally construing the pleadings, Mr. Pina-Rodriguez  also claims *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1913 (2013), equitably toll the limitations period.  Finally, he claims he is actually innocent of the crime, which should excuse the failure to file a timely petition. For these reasons, he insists his petition should not be dismissed as time-barred.  *See Docket entry no. 16, pages 12-13.*  We will consider these assertions and how the limitations period may be affected.

The failure to file a timely petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

---

[1]Though the current petition was not filed until December 15, 2014, for purposes of limitations calculation we use the date the petition was signed and presumably delivered to prison authorities.  This is in accord with the "prisoner mailbox rule" as described in *Houston v. Lack*, 487 U.S. 266, 272 (1988), and codified in Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Mr. Pina-Rodriguez first alleges the trial court prevented him from perfecting his Rule 37 appeal.  In both his petition and his explanatory pleading, Mr. Pina-Rodriguez describes this as an external impediment to him filing a timely federal habeas corpus petition.  The flaw in this argument is the absence of any link between this allegation and Mr. Pina-Rodriguez' inability to file a timely petition.  Put another way, even if he could prove he was impeded in the summer of 2012 from perfecting his Rule 37 appeal, he fails to plead or prove *why* such an impediment prevented him from filing his federal habeas corpus petition in the year following the February 14, 2013, ruling by the Arkansas Supreme Court.  In the context of an external impediment,  the emphasis is on an impediment preventing Mr. Pina-Rodriguez from filing a timely federal habeas corpus petition, rather than an impediment to the filing of a Rule 37 petition in state court.  Regardless of whether the state court impeded Mr. Pina-Rodriguez from filing his Rule 37 petition, the limitations period is not tolled by bare allegations of an impediment absent any causal connection between the impediment and the failure to file his federal habeas corpus petition.  The state court proceedings, under any interpretation, concluded on February 14, 2013.  We see no allegation of an external impediment during the year which expired on February 15, 2014.  The limitations period was not tolled by the alleged impediment erected by the state court.

Mr. Pina-Rodriguez next contends that because he was diligent in pursuing his available remedies the limitations period should be tolled.  There is no merit to this argument.  It is not enough to proclaim diligence when the facts show no federal habeas corpus petition was filed in the nineteen months after state court proceedings ended.  *See, e.g., Manning v. Epps*, 688 F.3d 177, 186 (5th Cir. 2012) (petitioner who did nothing for more than nineteen months after his conviction became final failed to exercise due diligence).

Next, liberally construing the pleadings, Mr. Pina-Rodriguez cites *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1913 (2013) ,as a possible reason for equitable tolling.  *Martinez* and *Trevino*, however, have no relevance in a discussion of the limitations period.

5

Rather, any relevance of those cases would occur in the context of "cause" for a procedural default. *See Henderson v. Hobbs*, 2012 WL 4049222, Eastern District of Arkansas, August 29, 2012 ("The *Martinez* Court did not create, however, a new ground for equitable tolling of the statute of limitations.").

The final argument for equitable tolling is the claim that Mr. Rodriguez is actually innocent. In *McQuiggin v. Perkins*, ___ U.S. ___, 2013 WL 2300806 (May 28, 2013), the Supreme Court held that actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations. The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare. To advance a tenable claim, the petitioner must meet the standard set forth by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Pina-Rodriguez; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. Here, Mr. Pina-Rodriguez cites the Court to a "Statement of Facts" attached as Exhibit A to his petition. This, he contends, "conclusively" shows his innocence. *Docket entry no. 2, page 3*. The *Schlup* standard requires new reliable evidence. The argument by Mr. Pina-Rodriguez cites facts known to him at the time he entered his guilty pleas. In fact, this version of the facts was read into the record as the factual basis for the guilty plea. *Docket entry no. 14-3, pages 9-12*. Thus, this is not new evidence. Mr. Pina-Rodriguez essentially claims innocence based upon the version of the facts he previously admitted supported his guilt. This argument falls far short of the requirements envisioned by *Schlup v. Delo*. As a result, the argument[2] fails to toll the limitations period.

___

[2]The *Schlup v. Delo* standard for establishing actual innocence is demanding, with its focus on new reliable evidence not available at trial. This already high bar is elevated further when the

In summary, the petition for writ of habeas corpus was filed with this Court nine months and one week after it should have been.  The petitioner fails to plead or prove any reason why the limitations period should have been tolled.  As a result, we recommend the petition be dismissed as untimely.[3]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 1st day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

petitioner entered guilty pleas.  *See, e.g., Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (petitioner did not satisfy *Schlup* and Court "need not decide whether a guilty plea absolutely forecloses a later claim of actual innocence.")

[3]We need not, and do not, consider the procedural default argument under the circumstances in this case, where the limitations period has clearly expired.